STROUD, Judge.
Where no genuine issue of material fact exists, the trial court did not err in granting summary judgment in favor of defendant.
I. Factual and Procedural Background
On 10 February 2012, Dwight Jordan (decedent) died testate. Decedent had four children: John Richard Jordan (appellant), Danny Dwight Jordan, Raymond Baxter Jordan (defendant), and Alice Massey Long.[1] In his will, decedent named defendant as executor of his will, and defendant was qualified as such by the probate court on 14 March 2014. The will divided decedent's estate between his four children in equal shares.
On 24 October 2012, appellant and Danny Dwight Jordan (collectively, plaintiffs) filed a complaint against defendant, alleging fraud, constructive fraud, unjust enrichment, and conversion, and seeking an accounting, constructive trust, punitive damages, and declaratory relief. Specifically plaintiffs alleged that decedent made defendant his attorney-in-fact; that prior to his death decedent was incompetent; that decedent's bank accounts were changed, making them joint accounts payable to defendant after decedent's death; and that defendant had refused to allow plaintiffs a review of the signatures which purportedly created the joint accounts. Plaintiffs alleged that it was not decedent's intent to give defendant a right of survivorship for his bank accounts, that defendant took advantage of his position of trust and confidence to his own advantage, and that defendant profited through fraud or a violation of a fiduciary relationship with decedent.
On 5 September 2014, defendant moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, on the grounds that no genuine issues of material fact existed in the case. In support of this motion, defendant filed a memorandum and affidavits citing undisputed facts that (1) decedent made defendant his attorney-in-fact; (2) defendant's powers as attorney-in-fact explicitly included the ability to make gifts to himself; (3) the accounts, at the time of decedent's death, were in decedent's and defendant's names as joint owners with right of survivorship; and (4) that defendant did not use his power of attorney to sign any of the signature cards which created the joint accounts.
On 20 October 2014, the trial court entered summary judgment in favor of defendant.
Appellant appeals.[2]
II. Standard of Review
"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." In re Will of Jones,362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting Forbis v. Neal,361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) ).
III. Analysis
Appellant contends, through numerous arguments, that the trial court erred by granting summary judgment in favor of defendant. We disagree.
Appellant relies heavily upon the fact that N.C. Gen.Stat. § 53-146.1,[3] which regulates the formation of joint deposits, requires an understanding of the nature of the account being created. Appellant contends that, in his deposition, defendant acknowledged that he did not read the documents and did not understand them. As a result, appellant contends that the creation of the joint accounts violated the statute's requirement, and was void ab initio.
However, in that same deposition, defendant stated that he understood that decedent "was adding me to his accounts." Defendant also stated in an affidavit that he knew that he was being added to the accounts, although he did not know at the time what "joint with right of survivorship" meant. We hold that these sworn statements, when combined with defendant's signature on the documents, constituted sufficient evidence for the court to find that defendant understood his actions in creating the accounts, rendering them valid.
The undisputed evidence before the trial court shows signature cards, bearing the signatures of decedent and defendant, creating joint accounts in their names. There was no genuine issue of material fact as to the fact that decedent and defendant signed the signature cards and created joint accounts with right of survivorship.
Appellant also contends that decedent was not competent to create the joint accounts, due to the fact that he was medicated at the time he signed the signature cards. In support of this argument, appellant notes medical records which showed that decedent was undergoing physical therapy in early November and that he took various prescription medications. But there is no evidence in the record of the effects of those medications, or that they hindered decedent's judgment, or that decedent was otherwise incompetent at the relevant time.
In an affidavit to the trial court, attorney Robert D. Palmer attested that decedent executed his will and defendant's power of attorney on the same day, 17 November 2009. At that time, decedent appeared competent and executed the documents voluntarily and free of coercion. That same day, at decedent's request, defendant took him to the bank, where decedent created the joint accounts with defendant. In an affidavit, the bank employee who oversaw the creation of the accounts swore that decedent appeared competent, understood the type of accounts he was creating, and executed the documents voluntarily and free of coercion.
Appellant does not challenge the veracity of these affidavits. Rather, appellant contends that decedent was medicated at the time, and that defendant did not understand that he was creating a joint account. Nonetheless, relying on the affidavits, the trial court granted summary judgment in favor of defendant.
Upon review, we agree. Although plaintiffs referred to affidavits in their memorandum in support of their reply to defendant's motion for summary judgment, these affidavits are not present in the record on appeal, and thus shall not be considered by this Court. Pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."N.C. R. Civ. P. 56(e) ; see also Page v. Sloan,281 N.C. 697, 705, 190 S.E.2d 189, 194 (1972) (holding that "plaintiff cannot rely on her verified complaint to defeat defendants' motion, accompanied, as it is, by competent affidavits and depositions"). Appellant cannot rely upon the complaint, in the face of defendant's motion for summary judgment, accompanied, as it is, by competent affidavits; appellant has the burden of raising some genuine issue of material fact, and appellant has attached no affidavits to the record. The record contains excerpts of plaintiffs' depositions, however neither deposition contradicts or challenges the statements made in defendant's affidavits.
The undisputed facts of record show that decedent created these joint accounts with defendant, that decedent appeared competent, and that defendant was not acting in his capacity as attorney-in-fact at the time. In fact, defendant never used his powers as attorney-in-fact at all, including for creation of these accounts. Although decedent's actions may be interpreted by appellant as bypassing his will by effectively removing the accounts, which held the majority of decedent's assets other than real estate, from the estate, it was his prerogative to do so. Defendant committed no misconduct by assenting to decedent's actions. Appellant's brief raises various other arguments regarding communications between defendant, appellant, and their siblings after decedent's death and defendant's refusal to voluntarily share his inheritance with appellant, but we will not address these arguments as they are irrelevant to the legal claims raised by the complaint. No genuine issue of material fact exists as to the creation of the accounts, or as to defendant's right to claim the funds therein due to the right of survivorship. No genuine issue of material fact exists as to the allegations in plaintiffs' complaint, given the fact that the accounts at issue were created by decedent's actions, not by defendant's.
AFFIRMED.
Judges McCULLOUGH and INMAN concur.
Report per Rule 30(e).
Opinion
Appeal by plaintiff from judgment entered 20 October 2014 by Judge Anna Mills Wagoner in Superior Court, Union County. Heard in the Court of Appeals 4 June 2015.

Alice Massey Long was not a party to the action at trial.

Danny Dwight Jordan did not appeal.

N.C. Gen.Stat. § 53-146.1 was repealed in October of 2012, but was in effect at the time of the creation of the joint accounts.